UNITED STATES, to Use of EDWARD HINES LUMBER CO., v. HENDERLONG et al.

(Circuit Court, D. Indiana. May 21, 1900.)

No. 9,675.

1. COURTS—JURISDICTION—CONTRACTOR'S BOND—ACTION IN NAME OF UNITED STATES.

Under the act of congress of August 13, 1894 (28 Stat. 278), requiring contractors for the construction of public buildings to give bond for the prompt payment of those furnishing labor or materials, and authorizing any person who has supplied labor or material for the prosecution of such work to bring an action on said bond in the name of the United States, such action may be brought in the name of the United States, for the use of the laborer or material man, in any proper state court.

2. SAME—AMOUNT IN CONTROVERSY.

Under the judiciary act of March 3, 1887, § 1 (24 Stat. 552, c. 373), as corrected by act of August 13, 1888 (25 Stat. 433, c. 866), giving the circuit courts of the United States jurisdiction "of any controversy in which the United States are petitioners or plaintiffs," a circuit court has not jurisdiction of an action brought in the name of the United States, under authority of act of congress of August 13, 1894 (28 Stat. 278), to recover upon a contractor's bond for labor or material furnished in the construction of a public building, where the amount in controversy is less than $2,000.

At Law.

Rich & Rich, Grant Crumpacker, and John G. Williams, for plaintiff.

Wm. Johnston and E. C. Field, for defendants

BAKER, District Judge. This is an action brought in this court by the plaintiff to recover from the defendants the value of certain lumber furnished to Henderlong Bros. & O'Neill, who, as contractors, were erecting a post-office building for the United States at South Bend, Ind. The action is upon a bond executed by Henderlong Bros. & O'Neill as principals, and by the other defendants as sureties. The amount of the debt is alleged to be $1,262.25, for which amount judgment is demanded.

The act of congress in pursuance of which the bond in suit was executed was approved August 13, 1894 (28 Stat. 278). It is entitled "An act for the protection of persons furnishing materials and labor for the construction of public works," and provides that:

"Any person or persons entering into a formal contract with the United States for the construction of any public building, or the prosecution and completion of any public work, or for repairs upon any public building or public work, shall be required before commencing such work to execute the usual penal bond with good and sufficient sureties with the additional obligations that such contractor or contractors shall promptly make payments to all persons supplying him or them labor and materials in the prosecution of the work provided for in such contract; and any person or persons making application therefor and furnishing affidavit to the department under which the work is being or has been prosecuted, that labor or material for the prosecution of such work has been supplied by him or them and payment for the same has not been made, shall be furnished with a certified copy of said contract and bond upon which said person or persons supplying such labor and materials shall have a right of action and shall be authorized to bring suit in the name of the United States for his or their use and benefit, against said contractor and sureties and to prosecute the same to final judgment and execution: provided, that such action and its prosecution shall involve the United States in no expense.

"Sec. 2. Provided, that in such case the court in which such action is brought is authorized to require proper security for costs in case judgment is for the defendant."

The case was submitted to the court for trial, and, the court having heard the evidence, the question of the jurisdiction of the court has been raised; and it therefore becomes necessary to determine whether the court has jurisdiction of this action, it being shown by the allegations of the complaint and by the evidence introduced on the trial that the amount in controversy is less than $2,000.

The statute under which the bond in suit was given does not prescribe the court in which the laborer or material man shall bring his suit to enforce the right of action which is thereby secured to him. In the absence of statutory regulation, the overwhelming weight of authority makes it certain that the laborer or material man could maintain an action in his own name against the principal and sureties in the bond for the recovery of the value of the labor or material supplied in the prosecution of the work. The statute, however, authorizes the laborer or material man to "bring suit in the name of the United States for his or their use and benefit," and doubtless in the courts of the United States the suit should be brought in that way. It is not by any means certain that the laborer or material man may not bring suit in his own name in any state court of competent jurisdiction in accordance with the course of practice in such courts. As the statute does not prescribe the

court in which the suit shall be brought, there would seem to be no doubt that it may be brought in the name of the United States, for the use of the laborer or material man, in any proper state court. It is manifest that it was not the purpose of this statute to create or confer any new jurisdiction on the courts of the United States for the enforcement of the claims of laborers or material men. It proceeds on the assumption that the existing jurisdiction of the courts is sufficient to secure the enforcement of the rights secured to them by the bond. The authority was granted to the laborer and material man to bring suit in the name of the United States for his or their use and benefit as a mere matter of convenience. If this court possesses jurisdiction, it must be found in the first section of the judiciary act of March 3, 1887 (24 Stat. 552, c. 373), corrected by the act of August 13, 1888 (25 Stat. 433, c. 866). So much of that section as is pertinent to the present discussion was construed in U. S. v. Sayward, 160 U. S. 493, 498, 16 Sup. Ct. 371, 40 L. Ed. 508, to read as follows: "Second. Of any controversy in which the United States are petitioners or plaintiffs." It was there held that, in any controversy in which the United States are plaintiffs or petitioners, the circuit courts of the United States are given jurisdiction, regardless of the amount or value of the matter in suit. The right of action created by the bond in favor of laborers and material men is exclusively vested in them by the statute. They alone are authorized to bring the suit, and to prosecute the same to final judgment and execution. The United States have no interest, either directly or indirectly, in the controversy; nor can they be made liable for costs. The United States, as sole plaintiffs, could not maintain a suit in their own name upon the bond for the recovery of the value of labor or materials supplied to the contractor in the prosecution of the work. Is the present suit a controversy in which the United States are plaintiffs or petitioners, within the true meaning of the first section of the present judiciary act? A controversy, in the sense of the statute, is a case at law or in equity brought before some competent court of justice for forensic discussion and judicial decision. In order that the United States shall become plaintiffs in a case or controversy in a judicial tribunal, they must have some interest in the matter in issue. Where the plaintiff's statement of his case discloses that he has no interest in the controversy, and it affirmatively appears that the right to the matter in controversy is vested wholly in some one else, it is difficult to perceive how such person can be said to have a case or controversy. The term "parties" includes all persons who are directly interested in the subject-matter in issue, who have a right to make a defense, control the proceedings, or appeal from the judgment. Strangers to the suit are persons who do not possess these rights. Hunt v. Haven, 52 N. H. 162. The plaintiff is he who, in a personal action, seeks a remedy in a court of justice for an injury to, or a withholding of, his rights. The legal plaintiff is he in whom the legal title or right of action is vested. The equitable plaintiff is he who, not having the legal title to the right of action, is in equity entitled to the thing sued for. Such are the accepted definitions of the terms "parties" and "plain-

tiffs." The United States are neither the legal nor equitable plaintiffs in the present action. They are seeking no remedy for any injury to, or for the withholding of, any of their rights; nor have they any equitable right to or interest in the thing sued for. They have neither the legal right of action, nor any equitable interest in the matter in controversy. The United States are simply a formal or modal party,—a mere name, used for convenience only. The right of action is vested solely in the Edward Hines Lumber Company, and it, and not the United States, is the real party plaintiff in the pending controversy. The statute merely delegates authority to the laborer or material man to use the name of the United States for his use and benefit in any court having jurisdiction of the subject-matter and the parties. It can hardly be supposed that it was the purpose of the statute to authorize a laborer or material man to prosecute petty claims, involving only a few dollars, in this court, when a more speedy and inexpensive trial can be had in the courts of the state. This is obvious from the fact that congress has manifested a steady purpose to restrict, rather than to enlarge, the jurisdiction of the courts of the United States. No reason is perceived why the courts of the United States should take cognizance of the suits of laborers and material men, unless the citizenship of the parties, and the amount involved in the controversy, are such as would give jurisdiction as in the case of other suitors. These views find support in the decisions of the supreme court in Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108; McNutt v. Bland, 2 How. 9, 11 L. Ed. 159; Walden v. Skinner, 101 U. S. 577, 588, 589, 25 L. Ed. 963.

The case of Browne v. Strode, supra, was a suit upon a bond given by an executor to the justices of the peace of Stafford county, Va., for the faithful execution of the testator's will in conformity with the statute of that state. The object of the suit was to recover a debt due from the testator, in his lifetime, to a British subject. The plaintiffs were the justices of the peace for Stafford county, and they and the defendants were all citizens of the state of Virginia. Notwithstanding this, it was held that the circuit court of the United States had jurisdiction, on the ground that the real party plaintiff was a British subject, for whose use and benefit the suit was brought.

The case of McNutt v. Bland, supra, was an action in the circuit court of the United States, instituted in the name of Alexander McNutt, governor of the state of Mississippi, who sued for the use of Thomas Leggett and others, citizens of the state of New York, against Bland, Humphreys, and Geissen, citizens of the state of Mississippi. It was founded upon a bond executed by Bland, as sheriff of Claiborne county, in the state above mentioned. It was insisted that the circuit court had no jurisdiction of the action, because all the parties plaintiff and defendant were citizens of the same state. The supreme court, however, sustained the jurisdiction of the court below on the ground that the parties for whose use the suit was brought were the real plaintiffs. The court said:

"The constitution extends the judicial power to controversies between citizens of different states. The eleventh section of the judiciary act gives jurisdiction to the circuit courts of suits between a citizen of the state where

the suit is brought and a citizen of another state. In this case there is a controversy and suit between citizens of New York and Mississippi. There is neither between the governor and the defendants. As the instrument of the s'ate law, to afford a remedy against the sheriff and his sureties, his name is in the bond, and to the suit upon it, but in no just view of the constitution or law can he be considered as a litigant party. Both look to things, not names,—to the actors in controversies and suits, not to the mere forms or inactive instruments used in conducting them, in virtue of some positive law. This court must have acted on these principles in Browne v. Strode, 5 Cranch, 303, 3 L. Ed. 108, which was a suit on an administration bond of an executor for the faithful execution of the testator's will, in conformity with a law of Virginia (5 Hen. St. p. 461) which requires all such bonds to be payable to the justices of the county court where administration is granted, but may be put in suit and prosecuted by and at the costs of the party injured. The object of that suit was to recover a debt due by the testator to a British subject. The defendant was a citizen of Virginia. The persons named in the declaration as plaintiffs were the justices of the county, who were also citizens of Virginia, yet it was held that the circuit court of that state had jurisdiction. We are aware of no subsequent decision of this court which in the least impairs the authority of that case, or contravenes the principle on which it was decided,—that where the real and only controversy is between citizens of different states, or an alien and a citizen, and the plaintiff is by some positive law compelled to use the name of a public officer who has not, or ever had, any interest in or control over it, the courts of the United States will not consider any others as parties to the suit than the persons beween whom the litigation before them exists."

In the case of Walden v. Skinner, supra, the supreme court said:

"Where the real and only controversy is between citizens of different states, or an alien and a citizen, and the plaintiff is by some positive rule of law compelled to use the name of another to perform merely a ministerial act, who has not, nor ever had, any interest in or control over it, the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before them exists."

These cases establish the principle that the courts of the United States will not consider any others as parties to the suit than the persons between whom the litigation before them exists. From these considerations it follows that in the present suit the only party plaintiff before the court is the Edward Hines Lumber Company, and, as the cause of action is for a sum less than $2,000, the court is without jurisdiction, and the action must be dismissed. So ordered.