(No. 18011.—

BRIDGET COLBERT, Defendant in Error, *vs.* THE HOLLAND FURNACE COMPANY, Plaintiff in Error.

*Opinion filed December 20, 1928.*

JOHN VENNEMA, and JOHN A. BLOOMINGSTON, for plaintiff in error.

QUIN O'BRIEN, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

Defendant in error, Bridget Colbert, brought an action of trespass on the case in the superior court of Cook county against plaintiff in error, the Holland Furnace Company,

for personal injuries alleged to have been sustained by her by reason of its negligence. She recovered a judgment of $8500, from which an appeal was taken by plaintiff in error to the Appellate Court for the First District, where, after the entry of a *remittitur* of $4500, the judgment for the balance was affirmed. Plaintiff in error, by leave of this court, has brought the record here for review on *certiorari*.

The evidence shows that plaintiff in error made a written proposition addressed to Mr. and Mrs. Martin J. Colbert to install in their home in Chicago a hot air furnace. The offer was accepted in writing by Martin J. Colbert, the husband of defendant in error, and a bond was executed in which plaintiff in error warranted and guaranteed for five years the material and workmanship of the furnace, registers and cold air intakes. The installation of the furnace was completed about November 6, 1920. A cold air shaft was put in the floor near the north wall of the kitchen, under a window. A hole thirty inches in length east and west and one foot wide was cut in the floor, which was two and one-eighth inches thick and consisted of a hardwood floor, under which was a sound-proof lath and below that a pine floor. Below the grating was a beaver-board air shaft. There were no supports, lengthwise, for the grating, but across its width, about the middle, was a joist raised by tin work to the grating, and one and one-quarter inches below the floor level edge it was supported at each end by a cleat, consisting of a pine plaster-lath twelve and one-half inches long, three-eighths of an inch thick and one and five-eighths inches wide. The one at the east end was nailed to a joist flush with the opening and that at the west end to the ends of the projected pine sub-flooring, the nearest joist being west of and not flush with the opening. The nails were roughened or corrugated roofing nails seven-eighths of an inch long. Seven were placed in each cleat. The thickness of the flooring being two and one-eighth inches and the cleats one and one-fourth inches below its top, the west

cleat was nailed against only seven-eighths of an inch of the ends of the soft pine flooring, and the nails, tapering to a sharp point, pierced only one-half inch. On December 3, 1921, defendant in error, while working in the kitchen, stepped on the west end of the grating, which gave way and her left leg went through the space between the center joist and the west edge of the opening and she was seriously injured. The evidence shows that the accident was due to the giving way of the west cleat when stepped upon by her. The cleat, when examined after the accident, disclosed that it was cross-grained and had a break or crack at one end following the cross-grain, where two of the nails had been, and that the other nails must have pulled out of the soft flooring when the cleat gave way.

The declaration consisted of two counts, and among other things alleged that plaintiff in error sold the furnace to Colbert for the use and benefit of defendant in error, her husband and family; that plaintiff in error used old, weak, brittle and unsafe cleats in supporting the grating, failed to use sufficient cleats, and used nails that were too short, weak and of insufficient number. There was evidence tending to prove these facts, and the jury were warranted in finding, as they evidently did, that the construction was defective and known to be so by plaintiff in error's carpenter or agent who constructed it and whose knowledge must be imputed to plaintiff in error. The jury could reasonably find, as they evidently did find, that the support was insufficient for the use to which the grating, as a part of the floor, would reasonably be subjected, and that the person constructing it should have anticipated that it would become dangerous to those who might so use it, and as the judgment has been affirmed by the Appellate Court we must accept the facts as found by the trial court as true.

Defendant in error did not sign the contract and is not mentioned therein and cannot be regarded as a privy to the contract. In view of the contractual relation between Col-

bert and plaintiff in error, the latter invokes the general rule that "where an independent contractor is employed to construct and install any given work or instrumentality and has done the same and it has been accepted by the employer and the contractor discharged, he is no longer liable to third persons for injuries received as a result of defective construction or installation." That this is the general rule is not questioned. The rule, however, has several exceptions, and the question to be here determined is whether, under the facts as shown by the evidence in this case, it comes within any of such exceptions. One of the well recognized exceptions to the rule is, that one who supplies a thing for such use by others that it is obvious that any defect will be likely to result in injury to those so using it is liable to any person who, using it properly for the purpose for which it is supplied, is injured by its defective condition. (29 Cyc. 484; *Hayes* v. *Philadelphia Coal Co.* 150 Mass. 457; *Devlin* v. *Smith,* 89 N. Y. 470; *Connors* v. *Great Northern Elevator Co.* 90 N. Y. App. Div. 311; *Bright* v. *Barnett & Record Co.* 88 Wis. 299; *Mulchey* v. *Methodist Society,* 125 Mass. 487; 16 Am. & Eng. Ency. of Law, p. 210; 2 Cooley on Torts, (3d ed.) p. 1489; *Coughtry* v. *Globe Woolen Co.* 56 N. Y. 124; *Powers* v. *Harlow,* 53 Mich. 507; *Heaven* v. *Pender,* L. R. 11 Q. B. Div. 503; *Holmvik* v. *P. B. C. & S. F. Co.* 98 Minn. 424; *Pierce* v. *Bidwell Thrasher Co.* 153 Mich. 323; *Krahn* v. *Owens Co.* 125 Minn. 33.) The doctrine of invitation has been invoked as a ground of liability in such cases, proceeding upon the theory that he who furnishes a thing for a certain use by others invites others to use it, and is therefore bound to make it safe for such purpose. This rule is consonant with reason and justice and is not inconsistent with any of the decisions of this court, and is especially applicable to the facts of the instant case. The grating was installed for use as a part of the floor of the kitchen and was manifestly intended for the use of any of the inmates of the household,

and especially of defendant in error, whose duties required her frequent presence in the kitchen. The grating was defective, and the defect was of such a character that it was obvious to the one installing it that using the grating as a part of the floor would be likely to result in injury to those so using it. By placing the grating in the floor for use as a part of the floor plaintiff in error must be held to have invited defendant in error to so use it. That it was defective was not a problem in engineering and did not require the evidence of experts to demonstrate. (*Yarber* v. *Chicago and Alton Railway Co.* 235 Ill. 589; *Linn* v. *Sigsbee,* 67 id. 75.) The question as to whether or not the construction was defective was not of such a character that only persons of skill and experience were capable of forming a correct judgment about it. There was no complicated machinery and no question of science or skill. The facts with reference to the nailing of the cleat, and the cleat itself, were before the jury, and they were competent to form an opinion as to whether any defects existed. This cold air grating, which was a part of the subject matter of the contract between Colbert and plaintiff in error, was to be used for a particular purpose requiring security for the protection of human life, and it was, therefore, an exception to the general rule that no liability exists against a contractor of work in favor of one injured by a defect therein after the work has been turned over to and accepted by the owner. (*Empire Machinery Co.* v. *Brady,* 164 Ill. 58.) The law is presumed to furnish a remedy for every wrong. The defective condition was hidden from ordinary observation and was a latent defect of which the owner, who accepted the work, would not be chargeable with knowledge of its defective construction. We are of the opinion that the facts in this case bring it clearly within the exception to the rule above stated, and that justice requires that plaintiff in error should compensate defendant in error for the

injuries which she has sustained by reason of the defective installation of the grating over the cold air shaft.

The Appellate Court properly held that this case came within the exception above stated, and its judgment is affirmed.

*Judgment affirmed.*