CHARLES L. CRAIG, Appellant, v. LEROY W. BALDWIN, Respondent. (Appeal No. 1.) — Order vacating a judgment in favor of the plaintiff and against the defendant upon an alleged default of defendant in failing to answer the complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

CHARLES L. CRAIG, Appellant, v. LEROY W. BALDWIN, Respondent. (Appeal No. 2.) — Order granting defendant's motion to require the complaint to be made more definite and certain affirmed, with ten dollars costs and disbursements; the amended complaint to be served within ten days from the entry of the order herein. No opinion. Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

THOMAS H. DALTON, as Guardian ad Litem of the Infant Plaintiffs, GRACE RITA DALTON and Another, Respondents, v. MANUFACTURERS TRUST COMPANY, as Administrator, etc., of ROBERT G. O'NEILL, Deceased, Appellant.—Appeal by defendant from a judgment granting specific performance of an oral agreement, made by defendant's intestate, to bequeath to the infant plaintiffs all the property, real and personal, of which he died seized. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ.

KOPEL FELDMAN, Respondent, v. POST GRAND CORPORATION, Appellant; MARGARET A. FOLEY, Defendant.—Action to have it determined that plaintiff is entitled to certain funds held by a third party as security, etc. Judgment in favor of plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

SHALOM GOLDBERG, Respondent, v. MORRIS GOLDBERG, Appellant.— Order denying defendant's motion for a bill of particulars affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

OTTO HAYES, Respondent, and GEORGE HAYES, Plaintiff, v. JOHN BORUP, Defendant, and TOWN OF EASTCHESTER, Appellant.— Judgment reversed on the law, with costs, and complaint dismissed, with costs. Plaintiff, respondent, an employee of the New York Telephone Company, picked up a percussion cap which was among rubbish on the floor of a building in the course of construction and and owned by appellant, and scraped it with a pair of shears. The cap exploded and injured him. There is no evidence as to how the cap came to be on the floor. The proof shows that the building was being erected by a general contractor and that appellant took no part in the performance of the work other than such general supervision as was necessary to insure performance in accordance with the contract. Under the circumstances appellant would be liable only for some affirmative act of negligence. (*Joyce* v. *Convent Avenue Construction Co.*, 155 App. Div. 586; *Silverman* v. *Binder*, 130 id. 581, cited with approval in *Besner* v. *Central Trust Co.*, 230 N. Y. 357, 362.) Lazansky, P. J., Hagarty, Tompkins, Davis and Johnston, JJ., concur.

MICHAEL HIGGINS and Another, Respondents, v. HARRY A. TARTACOFF and Others, Appellants, and Others, Defendants.— Order denying motion of defendants Tartacoff to set aside a stipulation and dismiss the complaint affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.