ILICH FRAGIACOMO, an Infant, by NICOLO FRAGIACOMO, His Guardian ad Litem, et al., Respondents, *v.* 404-6 EAST 88TH STREET REALTY CORP., Appellant.

First Department, November 2, 1945.

*William B. Shelton* of counsel (*William J. McArthur,* attorney), for appellant.

*Julian Bernstein* for respondents.

CALLAHAN, J.. Defendant, owner of a tenement house, has been held liable in damages for injuries sustained by the infant plaintiff arising out of the explosion of a percussion cap found by the infant in the cellar of the premises where he resided with his parents. Plaintiffs claimed that the cap had been brought into the premises by defendant, or its agents, in connection with the performance of some excavation work carried on therein more than a year before the accident. Plaintiffs contended that defendant knew the excavating work would require the blasting of rock, that the percussion cap was intended for use in connection therewith, and that defendant negligently had permitted the cap to remain in the premises as part of the debris left after the work was completed.

The only evidence on plaintiffs' part that any such blasting had been carried on was an alleged admission by defendant's officer to that effect. Plaintiffs did not live in the premises at the time the excavation work was performed, nor did they call any witnesses who professed knowledge of what had occurred at that time. A police officer testified on behalf of plaintiffs that after the accident he found in the cellar of the apartment house another unexploded percussion cap similar to the one which caused the injury.

Defendant's officer denied the making of any admission concerning the necessity for blasting in connection with the excavation work. Defendant called numerous witnesses to show that, in fact, when the excavation work had been done there had been no blasting.

We find that the overwhelming weight of the evidence was with defendant on this issue.

Plaintiffs, however, claim further that, in any event, defendant was negligent in permitting the cap to remain in the premises where it might be found by, and cause injury to children. The trial court refused to submit to the jury any issue of notice to the defendant of the presence of the cap.

We deem, under these circumstances, that error was committed which requires reversal of the judgment.

The excavation work was performed by an independent contractor. The use of dynamite and percussion caps in the cellar of a tenement house for blasting purposes might well be held the performance of work intrinsically or inherently dangerous, and one who let a contract requiring such work could not delegate responsibility for any injury resulting from execution of the work, which he might have reasonably guarded against.

Even in such case, however, if the work might be safely carried on by the contractor in the exercise of due care, then the contractor alone would be liable, provided it was his duty to exercise such care and the injuries resulted from neglect in a detail of performance involving a nonforeseeable risk (*Engel* v. *Eureka Club*, 137 N. Y. 100).

The employer of a contractor is not liable for the negligence of the latter's servants involving a risk not inherent in the nature of the work. For mere collateral acts of negligence only the contractor is liable (*Hyman* v. *Barrett*, 224 N. Y. 436).

If unexploded percussion caps were left behind and mixed with debris of the work, this would merely be a casual act of performance involving a detail of work for which the contractor's employer did not assume liability as an inherent and foreseeable danger (*Herrington* v. *Village of Lansingburgh*, 110 N. Y. 145; *Hayes* v. *Borup*, 244 App. Div. 807; *Gerber* v. *Kansas City*, 304 Mo. 157). Under the circumstances the defendant would not be liable as one creating the danger.

We will now consider the claim that defendant's negligence was established because it permitted the caps to remain in the premises for a long time after the completion of the work so as to endanger those visiting the cellar. This is in effect a charge of negligence resting upon an alleged breach of defendant's duty to keep the premises in a reasonably safe condition. Before liability could attach on such theory, notice to defendant of a dangerous condition (the presence of the caps in the cellar) would have to be established. But the trial court refused to submit the issue of notice to the jury, despite the defendant's request for such submission. The trial court considered notice immaterial because it determined, erroneously we believe, that the defendant would be liable for the acts of the contractor's servants in leaving the caps among the debris as a foreseeable risk inherent in the work contracted for. Accordingly, we find that on the present record plaintiffs were not entitled to recover on either of the theories which they advanced, and we are required to reverse the judgment and order a new trial.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., COHN and WASSERVOGEL, JJ., concur; DORE, J., concurs in result.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.