WALTER MILLER, PLAINTIFF-APPELLANT, v. DAVIS AND
AVERILL, INC., A CORPORATION OF THE STATE OF
NEW JERSEY, DEFENDANT-RESPONDENT; CLEVE-
LAND TRAMRAIL ELECTRIC CO., OF NEWARK, CLEVE-
LAND TRAMRAIL NEWARK COMPANY AND CLEVELAND
CRANE AND ENGINEERING COMPANY, DEFENDANTS.

Submitted May 28, 1948—Decided September 3, 1948.

For the plaintiff-appellant, *James A. McTague.*

For the defendant-respondent, *Townsend & Doyle.*

The opinion of the court was delivered by

BURLING, J.   This is an action at law sounding in tort
based upon the alleged actionable negligence of the defend-
ant Davis and Averill, Inc., a corporation of the State of
New Jersey.   The sole ground of appeal is that the trial court
directed a judgment of nonsuit against the plaintiff and in
favor of the defendant, whereas the court should have denied
said motion and should have submitted to the jury for deci-
sion the questions in the issue.   There were two additional
parties to the action—Cleveland Tramrail Electric Co. of
Newark and Cleveland Tramrail Newark Company.   After
the opening of the case by the attorneys to the jury, a col-
loquy occurred between them and the court.   As a result
thereof, the plaintiff agreed that the only remaining defend-
ant in the movement of the causes of action was the respond-

ent, Davis and Averill, Inc. At the close of the plaintiff's case a nonsuit was granted as to said defendants (*postea,* S. C., page 13). Nô appearance is made by the defendant Cleveland Crane and Engineering Company and no explanation appears in the record as to the disposition of the cause of action against it. Although the ground of appeal is addressed to the action of the court to all defendants, the briefs are addressed only to the action as to the respondent Davis and Averill, Inc., a corporation of the State of New Jersey and the disposition of the appeal will be in accordance therewith.

It is settled law that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference to be deduced therefrom but denies their sufficiency in law. Applying this principle to the case at hand, the following facts appear: Plaintiff had been employed by the Coca Cola Company at its warehouse at Kearny, New Jersey. Whether the Coca Cola Company was the owner or lessee of the premises in question does not appear from the evidence, as the Coca Cola Company is not a party to the suit. However, this is immaterial as it appears from the pleadings and proof that Coca Cola Company either as owner or lessee had the control of the premises in question. Plaintiff's employment was that of crane operator and had been for five years preceding the event. The crane operated by the plaintiff was on a track that was fixed to the ceiling of the warehouse. This crane consisted of three units, a forward motor, a lift and cab, and a rear motor. The purpose of this mechanism was to enable the crane to travel around the warehouse, picking up and discharging sugar bags.

The equipment had been installed by the defendant seven or eight years preceding the event. It was manufactured by the Cleveland Crane and Engineering Company. On March 24th, 1943, defendant contracted with the Coca Cola Company to repair a hanger which supported the rail and did in fact make such repair. On April 24th, 1945, while the crane was being operated by the plaintiff, the hanger broke and the track gave way at the hanger in question and plaintiff and the cab were dropped to the floor and the plaintiff was injured.

The stipulation made in court before the commencement of the reception of evidence set forth that the obligation of defendant was to do a reasonably safe workmanlike job under the contract for repairing. When the work was accepted by the Coca Cola Company, the contract of repair called for no further service or action by the defendant. Thereafter employees of said Coca Cola Company made weekly inspections of fitness for use for over two years before the event in question.

The gravamen of the complaint is that the defendant undertook to repair the hanger and did so in a careless and negligent manner in that the defendant made an improper welding and the hanger broke as a result thereof.

The trial court directed the entry of a judgment of nonsuit upon the ground that defendant was an independent contractor and not responsible to a third party for injuries resulting from the negligent performance of the work undertaken and further that the work had been completed and turned over to the owner without any obligation of future inspection resting upon defendant under the contract.

The plaintiff's contention is set forth in his brief as follows:

"The complaint of the plaintiff in this case is one of pure negligence. It is not based upon any contract between the Coca Cola Company and the defendants. The contractors-defendants in this case owed a duty in doing the work that it would be done in a safe manner so that no one using the result of this work would be injured by any negligence in the performance of his work. * * * In the present case the crane was a highly dangerous instrumentality to anyone operating it and riding in the cab, and the failure to attach the crane by proper hangers can certainly put the operator's life and limb in peril. The defendants in this case should be obligated to respond for any damages which were the direct and proximate consequence of their careless acts."

This theory is immediately confronted with two propositions advanced by the defendant and dealt with by the trial court. The question of lack of privity of contract was raised by the defendant and relied upon by the trial court for its

action. It was asserted by the defendant that the plaintiff was a stranger to the contract between Coca Cola Company and the defendant and he cannot therefore maintain an action which is in the final analysis based upon it.

It is the recognized law of this state that one who is not a party to a contract cannot sue in respect of a breach of duty arising out of the contract. *Marvin Safe Co.* v. *Ward* (*Supreme Court,* 1884), 46 *N. J. L.* 19; *Styles* v. *Long Co.* (*Supreme Court,* 1902), 67 *Id.* 413; *Tomlinson* v. *Armour & Co.* (*Court of Errors and Appeals,* 1907), 75 *Id.* 748; *Schulte* v. *United Electric Co.* (*Supreme Court,* 1902), 68 *Id.* 435; *Fedor* v. *Albert* (*Court of Errors and Appeals,* 1933), 110 *Id.* 493. Refer also to the illuminating memoranda filed by Chief Justice Case, then an Associate Justice, and by Mr. Justice Heher in *Colligan* v. *680 Newark Ave. Realty Corp.* (*Court of Errors and Appeals,* 1943), 131 *Id.* 520 (at *pp.* 526 and 546). Owing to an equal division of the judges no opinion of the court was possible in that case.

But it is contended by the plaintiff that there arises under the facts of this case a duty and that a contractual relationship was not necessary to charge the defendant with responsibility as there was imposed a duty upon it which was breached under the doctrine in the case of *Heckel* v. *Ford Motors Co.* (*Court of Errors and Appeals,* 1925), 101 *N. J. L.* 385 (at *p.* 387), namely: "The manufacturer of an article, not inherently dangerous, but which may become dangerous when put to the use for which it is intended, owes to the public the duty of employing care, skill and diligence in its manufacture and of using reasonable diligence to see that it is reasonably fit for the purpose for which it was intended," and that the said principle should apply in the instant case to the repair because of the nature of the overhead traveling crane. We think it is not so. There was no imminent danger in the use of the instrument when the repair was made and it was used without incident for more than two years.

Further the general rule is well established that an independent contractor is not liable for injuries occurring to a third person after the contractor has completed the work and turned it over to the owner or employer and it has been ac-

cepted by him, even though the injury results from the contractor's failure properly to carry out his contract. When the work is finished by the contractor and accepted by the employer the latter is substituted as the party responsible for existing defects. *27 Am. Jur.* 534, *art.* 55.

In the case of *Smith* v. *Claude Neon Lights, Inc.* (*Court of Errors and Appeals,* 1932), 110 *N J. L.* 326 (at *p.* 330), this principle is stated thus:

"While it is a well established general rule that where the work of an independent contractor is completed, turned over to and accepted by the owner, the contractor is not liable to third persons for damages or injuries subsequently suffered by reason of the condition of the work, even though the contractor was negligent in carrying out the contract, yet this rule is based upon the reason that the owner, and not the contractor's negligence in such a case is the proximate cause of the injuries, the theory being that by occupying and resuming exclusive possession of the work, the owner deprives the contractor of all opportunity to rectify his wrong. The duty of inspection and repairing in such a case is exclusively upon the owner."

The principle of *Smith* v. *Claude Neon Lights, Inc., supra,* is applicable and dispositive of the instant case. Here the proofs fail to show possession or control, partial or otherwise of the instrument by the contractor subsequent to this delivery to the owner. The possession of the owner was exclusive. The proofs show that the owner undertook inspection of the instrument and made repeated inspections during the years following the making of the repairs and during that period according to the stipulation of facts, the contract of repair called for no further action or service by the defendant and in fact the proofs present none.

Finally, the evidence does not produce the basis for the conclusion for a causal connection between the alleged negligence of the contractor and the accident two years later. The conclusion would be essentially speculative and there is evidence that wear and tear would produce the condition found particularly as regards the stresses created by the speed of the instrument. If it is obvious that the act or omission was

not the natural and proximate cause thereof, the question is for the court. *Smith* v. *Public Service Corp. (Court of Errors and and Appeals,* 1909), 78 *N. J. L.* 478 (at *p.* 481).

We are of the opinion that there was no error in the action of the trial court and the judgment appealed from is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, BODINE, DONGES, HEHER, COLIE, BURLING, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 12.

*For reversal*—WACHENFELD, EASTWOOD, JACOBS, JJ. 3.