30 N.J. Super. 405 (1954)
105 A.2d 33
MARY BLANKLEY AND WALTER BLANKLEY, PLAINTIFFS-RESPONDENTS,
v.
FRANK NOSTRAME AND ANNE NOSTRAME, HIS WIFE, AND ALPHONSO LEONE, DEFENDANTS, AND ARLITE INDUSTRIES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 3, 1954.
Decided May 14, 1954.
*406 Before Judges CLAPP, FREUND and SCHETTINO.
Mr. James J. Langan argued the cause for plaintiffs-respondents (Messrs. Emory, Langan & Lamb, attorneys).
Mr. John E. Hughes argued the cause for defendant-appellant Arlite Industries, Inc. (Messrs. Shaw, Hughes & Pindar, attorneys).
The opinion of the court was delivered by CLAPP, S.J.A.D.
The question we are called upon to decide here is whether a principal contractor, merely by accepting the work of an independent subcontractor, becomes liable for subsequent injuries resulting from a defect in the work attributable to the latter's alleged negligence, even though he could not, in the exercise of due care on or after accepting the work, have discovered the defect.
The defendant Arlite Industries, Inc. contracted to install in certain premises an oil burner and an oil tank. One Leone, employed by Arlite as an independent subcontractor, dug a hole under the sidewalk in front of the premises, installed the tank and refilled the hole. About six weeks later and before the sidewalk had been replaced, while plaintiff Mrs. Blankley was walking over the spot, the earth *407 "slumped down" and she sank, up to her knees, or deeper, into the mud.
Arlite moved to dismiss the case in view of the circumstances  which we find established here  that there was no proof whatsoever either that it knew of any defect in Leone's work, or that, in the exercise of reasonable diligence, it could have discovered the defect here after the work was completed. The court denied the motion, and the verdict went for the plaintiffs. Arlite appeals.
Plaintiffs' counsel stated below that they were making no claim on account of negligence, if any, in failing to replace the sidewalk. Nor is it suggested on the appeal that there was a nuisance here, see Kahn v. King Petroleum Corp., 13 N.J. Super. 334 (App. Div. 1951); cf. Gainfort v. 229 Raritan Avenue Corp., 127 N.J.L. 409, 413 (Sup. Ct. 1941); or that the work was inherently dangerous, Person v. Cauldwell-Wingate Co., 176 F.2d 237 (C.C.A. 2 1949); Prosser on Torts 487 (1941), Restatement of Torts, § 413, § 416.
Notwithstanding some speculative observations as to what will be the law, Prosser on Torts 484 (1941), it may be taken as a settled matter that the doctrine of respondeat superior does not, as a general rule, render a person liable vicariously for the tortious acts of an independent contractor he engages. Terranella v. Union Bldg. & Const. Co., 3 N.J. 443 (1950). See Restatement of Torts, § 409, and note the deletion of the caveat to that section as stated in the 1948 supplement. This law is not disputed. The argument here is that Arlite, regardless of its lack of fault and merely by accepting the work of Leone, the independent contractor, made itself responsible for all existing defects in his work. Miller v. Davis & Averill, Inc., 137 N.J.L. 671, 675 (E. & A. 1948), and Smith v. Claude Neon Lights, Inc., 110 N.J.L. 326, 330 (E. & A. 1932), are cited, but the courts there were concerned only with the liability of the independent contractor. See Restatement of Torts, § 385.
There is little law precisely on the point. But such law as there is frees Arlite of liability here unless it knew of *408 the defect alleged or could have discovered it in the exercise of reasonable care upon an inspection of Leone's work after it was completed. Restatement of Torts, § 412 (d); cf. Id., § 364 (c); Hickman v. Toole, 35 Ga. App. 697, 134 S.E. 635, 636 (Ct. App. 1926); Miller v. City of Erie, 340 Pa. 177, 16 A.2d 37, 40 (Sup. Ct. 1940); Doerr v. Rand's, 340 Pa. 183, 16 A.2d 377, 378 (Sup. Ct. 1940); see dictum in Colbert v. Holland Furnace Co., 333 Ill. 78, 164 N.E. 162, 164, 60 A.L.R. 353 (Sup. Ct. 1928); cf. McCrorey v. Thomas, 109 Va. 373, 63 S.E. 1011, 1013, 1014 (Sup. Ct. 1909); 31 A.L.R. 1042; 57 C.J.S., Master and Servant, § 595, p. 370. There are suggestions in a number of other decisions to like effect. Westinghouse Electric Elevator Co. v. Hatcher, 133 F.2d 109, 111 (C.C.A. 5 1943); Watts v. Atlanta B. & A.R. Co., 179 Ala. 436, 60 So. 861, 863 (Sup. Ct. 1912); Travis v. Rochester Bridge Co., 188 Ind. 79, 122 N.E. 1, 3 (Sup. Ct. 1919); Winslow v. Commercial Bldg. Co., 147 Iowa 238, 124 N.W. 320, 322, 28 L.R.A., N.S., 563 (Sup. Ct. 1910); Lamb v. South Unit Jehovah's Witnesses, 232 Minn. 259, 45 N.W.2d 403, 407, 33 A.L.R.2d 1 (Sup. Ct. 1950); Goar v. Village of Stephen, 157 Minn. 228, 196 N.W. 171, 173 (Sup. Ct. 1923); Casey v. Hoover, 114 Mo. App. 47, 89 S.W. 330, 334 (Ct. App. 1905); Fragiacomo v. 404-6 East 88th Street Realty Corp., 269 App. Div. 635, 58 N.Y.S.2d 109 (App. Div. 1945); cf. Bogoratt v. Pratt & Whitney Aircraft Co., 114 Conn. 126, 157 A. 860, 866 (Sup. Ct. Err. 1932).
Since plaintiffs have not established either that Arlite knew of any defect in Leone's work or that it could, in the exercise of reasonable care, have discovered such a defect after the work was completed, plaintiffs have not made out their case against Arlite. Indeed plaintiffs' own expert established that there was no reasonable way of discovering the defect here after the work was completed. Arlite's motion to dismiss should have been granted, and the judgment will therefore be reversed, with directions to enter judgment for Arlite.