Per Curiam.

The court erred in excluding evidence in the infant’s case as to the performance of the work by an independent contractor and in charging the jury that if the work had been done by an independent contractor, such fact would not relieve Gimbel Bros, of their responsibility. Even if it be assumed that the work was inherently dangerous, nevertheless, the employer of a contractor is not liable for the mere collateral acts of negligence of the latter’s servants. The casual act of a contractor’s servant in throwing a piece of material onto the ground in the vicinity of the work was but an incidental detail of the work for which the contractor’s employer did not assume liability as an inherent and foreseeable danger. *202 (Hyman v. Barrett, 224 N. Y. 436; Fragiacomo v. 404-6 East 88th St. Realty Corp., 269 App. Div. 635, 637.)
The judgment should be reversed and new trial ordered, with costs to appellant to abide the event.
Hofstadter, Aurelio and Tilzer, JJ., concur.
Judgment reversed, etc.