# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

WATSON v. ASBURY PARK & B. ST. RY. CO. et al.

(Circuit Court, D. New Jersey. March 19, 1896.)

REMOVAL OF CAUSES—SEPARABLE CONTROVERSY.

> One W., a citizen of New Jersey, brought a suit in a court of that state against a railway company incorporated by that state, and against its officers and directors, to have the railway company declared insolvent, and a receiver appointed, under a state statute. About the same time one V., a citizen of New York, and trustee under a mortgage of the railroad, took possession of the road under the provisions of the mortgage. Thereupon he was made a party to the suit brought by W., and removed the cause to the federal court, on the ground that there was a separable controversy between complainant and himself. Complainant moved to remand. *Held*, that there was no such separable controversy, and that the suit should be remanded.

W. H. Vredenburgh, John E. Lanning, and Acton C. Hartshorne, for the motion.

Arthur Dudley Vinton and W. B. Guild, opposed.

GREEN, District Judge. This suit was originally begun in the court of chancery of the state of New Jersey. Its object, among others, was to have the Asbury Park & Belmar Street-Railway Company decreed to be an insolvent corporation, and to have appointed therefor a receiver, under the provisions of the act of the state of New Jersey concerning insolvent corporations. As was necessary, the railway company and its officers and directors were made parties defendant to the suit. The railway company is a corporation of the state of New Jersey, and the other original defendants, as well as the complainant, are also citizens of New Jersey. About the time of the filing of this bill of complaint, one Adrian Vanderveer, who is the trustee for certain bondholders of the railway company, under an indenture of mortgage made by the company to secure the said bonds, pursuant to its terms and conditions, entered upon and took possession of all the mortgaged premises and property, and is now in actual possession thereof, and is operating the railway. Upon learning of this the complainant obtained leave to amend the bill

v.73F.no.1—1

of complaint by making Mr. Vanderveer a party defendant. And Mr. Vanderveer, in response to a formal notice, caused his appearance in the action to be entered. No amendment was made to the prayer of the bill for relief, and the only part of the pending controversy which can possibly affect Mr. Vanderveer, as trustee, is that which seeks a decree of insolvency against the railway company, and the appointment of a receiver. Mr. Vanderveer is a citizen of New York, and, under the third clause of the second section of the removal act of 1887, has removed the cause from the court of chancery of New Jersey to this court. A motion is now made on behalf of the complainant to remand the cause to that court. The justification for the removal of a cause from a state to a federal court under this section of the removal act is found solely in the fact that in the cause there exists a controversy separable in its nature from other controversies involved, which is wholly between citizens of different states, and which can be fully determined as between them. This presupposes that there must be more than one controversy in the same suit, one of which is between the complainant and the defendant, only, who seeks to remove, and who is a citizen of a state other than the one in which the suit is brought, and that to the final determination of that separate controversy the other defendants are not necessary parties. Barney v. Latham, 103 U. S. 205. Or, as was said by the supreme court in Fraser v. Jennison, 106 U. S. 191, 1 Sup. Ct. 171, "to entitle a party to removal under this clause, there must exist in the suit a separate and distinct cause of action, on which a separate and distinct suit might properly have been brought, and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different states from those on the other." Applying this test, it is clear that this cause has been improperly removed. Mr. Vanderveer, at whose instance the removal was made, is solely interested in the question of the actual possession of the mortgaged premises. A receiver has been asked for by the complainant, and if that prayer be granted the possession of the trustee may be threatened. But to such an application for a receiver the railroad company is a necessary party. No decree for a receiver, as against that company, could be made by this or any other court without its presence in court. Such decree in this cause depends largely, if not entirely, on the alleged insolvency of the railway company, and upon that issue the company is entitled to be heard. Otherwise the proceedings would be open to the objection that the company had been deprived of its property and rights without due process of law. It is apparent, therefore, that this controversy, in which Mr. Vanderveer is interested, likewise deeply and necessarily concerns the railroad company, and it must be a party to its final determination. But the railway company is a citizen of New Jersey, and its antagonist, the complainant, is, as well, a citizen of New Jersey. Hence all the parties on one side of the controversy are not citizens of different states from those on the other, and it is apparent that the state of facts has not arisen which is contemplated by the statute as justifying a removal. Let the cause be remanded.