ERNESTINE RUH, PLAINTIFF, v. GEORGE HYLE AND
PERCY JOHNSON, DEFENDANTS.

Decided June 27, 1927.

Negligence—Motor Vehicle Ran Down a Pedestrian—Owner of
Car Denied Employment of Driver—Evidence Sufficient to
Justify Employment—No Evidence of Contributory Negli-
gence—Defendant, Driver, Clearly Operating Car in an Un-
lawful Manner—Verdict For Defendant Set Aside.

On plaintiff's rule to show cause.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the rule, McCloskey & Ewing (Paul W. Ewing, of
counsel).

Contra, Ryman Herr.

PER CURIAM.

The plaintiff brought her action against the defendant to
recover compensation for injuries sustained by her as the
result of being run into and knocked down while walking
along the public highway by an automobile owned by the
defendant, George Hyle, which automobile was being oper-
ated at the time by Percy Johnson, who was then in the em-
ploy of the defendant Hyle.

The cause was tried at the Somerset Circuit and resulted
in a verdict for the defendants. The plaintiff was allowed a
rule to show cause why the verdict rendered should not be
set aside.

The principal reason relied on by plaintiff for a new trial
is that the verdict is against the weight of the evidence. A
careful examination and consideration of the testimony in
the causes leads us to the conclusion that the verdict is
clearly against the weight of the evidence.

The defense was based upon two grounds—First, that
Johnson at the time he was driving the automobile and the

plaintiff was run into and knocked down was not in the defendant's employ. *Second,* that the plaintiff was guilty of contributory negligence.

We think there was plenary proof that Johnson had a general authority from the defendant Hyle to use the automobile, at will. He lived in the defendant Hyle's household for sixteen years. He used the automobile by the authority of Hyle on errands for himself and the family, and on the evening in question was using the automobile to take him to Millstone to obtain a pair of overalls needed by him, for the work for which he was employed to do by the defendant Hyle and to obtain a porous plaster for Hyle's wife; that he had a license to drive the car and that he got the money from the defendant Hyle to pay for such license.

Now, as to the defense that the plaintiff was guilty of contributory negligence, we are unable to find anything in the evidence from which a permissible inference can be drawn that the plaintiff had, in the slightest, contributed to her injury by the failure to exercise reasonable care for her own safety while walking along upon the public highway.

Moreover, it appears from Johnson's testimony that he was indicted by the grand jury of Somerset county for atrocious assault and battery upon the plaintiff, in that he inflicted injuries upon her by running into and wounding her with the automobile he was operating on a public high- way. To this indictment Johnson pleaded guilty. That Johnson was guilty of gross negligence was established by his plea of guilty to the indictment for atrocious assault and battery upon the plaintiff. Besides there was uncontroverted testimony of witnesses, who having observed the manner in which Johnson was operating the automobile immediately before he reached the place where the plaintiff was overtaken and hit, say, that he was driving the automobile in zigzag fashion along the road and at a high rate of speed. It is manifest from the reading of the testimony adduced in the cause that the verdict rendered was against the clear weight of the evidence and therefore the rule to show cause is made absolute.