HAZEL D. HAHN, PLAINTIFF-RESPONDENT, v. ROCKING-HAM RIDING STABLES, A CORPORATION OF THE STATE OF NEW JERSEY, AND JOHN SPELLMAN, DE-FENDANTS-APPELLANTS.

Submitted October 25, 1940—Decided April 3, 1941.

For the respondent, *Nathan Baker.*

For the appellants, *Charles I. Rosenfeld (Jerome J. Dunn,* of counsel).

The opinion of the court was delivered by

RAFFERTY, J. Respondent, as plaintiff below, instituted suit against appellants, claiming damage because of personal injuries sustained as a result of having been thrown from a saddle horse hired from appellant corporation. The matter, after trial, having been submitted to a jury, verdict in favor of respondent was given and judgment thereon entered against appellants. From this judgment appeal is made.

The first point urged for reversal is based upon alleged error of the trial court in refusing to grant a motion for non-suit on the opening of plaintiff's counsel before the jury, the ground of the motion being that the opening of plaintiff's counsel varied from the facts set forth in the complaint. We do not have a transcript of the opening before us. However, upon colloquy between court and counsel, the matter was finally settled in this wise:

"Mr. Baker: I am willing to rest upon the theory that he should exercise reasonable care (an implied warranty, you might say) to see that the horse was reasonably fit for the purpose intended, that is, for horseback riding.

"The court: Whether it is express or implied (not an insurance as in the case of warranty arising out of a sale) it cast upon him the duty of either knowing that fact or exercising reasonable care to know it.

"Mr. Baker: I am satisfied with that.

"The court: Of course, you understand that rises (*sic*) up the ordinary defenses available in an ordinary negligence case.

"Mr. Dunn: In order words, contributory negligence would be a defense to it?

"The court: Yes; surely.

"Mr. Dunn: If she is going on that theory."

Further, respecting this point, in its charge to the jury the court said, without objection or exception from appellants' counsel, "the plaintiff has brought her claim here upon the theory, in accordance with an amendment made verbally to the complaint and by the tacit agreement of counsel of an alleged breach of implied warranty of the fitness of this horse for the purpose for which she hired him."

Counsel having thus assented to what, in practical construction, was an amendment to the complaint, the point here made is without merit. *In re Hudson County,* 106 *N. J. L.* 62, 77.

It is opportune at this time to point out also that where there is error in the denial of the trial court of the motion to nonsuit upon plaintiff's opening, such error is cured where the evidence subsequently adduced raises a factual question sufficient to be submitted to the jury. That such is the law was suggested in this court in *Glass* v. *American Stores Co., Inc.,* 110 *N. J. L.* 152, 155, where, speaking for the court, Mr. Justice Parker said:

"As to a refusal to nonsuit on the opening, we do not wish to be understood as subscribing to the proposition that if the opening fails to state facts constituting the cause of action set up in the complaint, the court is irretrievably in error for refusing to nonsuit. The rule is settled in cases where nonsuit was wrongly denied on the plaintiff resting his case, that if facts supporting the cause of action are elicited thereafter, the error is cured. By analogy, it would seem that a similar rule should apply in cases of a deficient opening and refusal to nonsuit on that opening."

Further comment on this rule of practice was had in our Supreme Court, speaking also through Mr. Justice Parker, in *Henry* v. *Haussling,* 114 *N. J. L.* 222, 223. Compare, also, *Bacharach* v. *Milnick,* 121 *Id.* 401, 404. As thus laid down this rule has our approval. In the instant case it is our finding that the evidence adduced subsequent to the denial of motion for nonsuit here mentioned was sufficient to raise a jury question and, hence, assuming the denial of motion to be error, the same was cured by the establishing of a jury question.

As separate points appellants argue error in the refusal of the trial judge to grant a motion of nonsuit at the close of plaintiff's case, and error in refusing to direct a verdict in favor of defendants and against the plaintiff at the close of the evidence. These may be considered together.

Upon the plaintiff's case it was shown that appellant corporation was engaged in the business of the public hiring of riding horses and that Spellman was the manager of its place of business, as well as an officer of the corporation; that appellants previously had hired this horse to respondent and to others and that on the particular occasion complained of respondent did hire this horse from appellants for riding purposes. From this it followed that the relationship of bailor and bailee, on this contract of hire, came into being between the parties and that the bailor impliedly warranted the horse as being fit for the purposes for which it was hired. *Brant* v. *Asarnow,* 7 *N. J. Mis. R.* 803, 804; *affirmed,* 106 *N. J. L.* 559. It was testified that appellants knew that the horse had a previous fall and that at the time of this particular hiring there was an apparent swelling of the neck of the horse and that the animal was heated and perspiring. This being brought to the attention of Spellman, the manager, it was testified, Spellman said the horse was all right for the purposes of the hiring. Further it was shown that the use of the horse was within the engagement of the hire and that the horse "collapsed," causing the injuries alleged. It was shown, also, by testimony of an experienced person that the horse was unfit at the time of the hiring for the purposes for which it was hired.

On this showing appellants were not entitled to a nonsuit, it being clearly deducible that a *prima facie* case of breach of implied warranty of fitness of the horse for the purpose for which it was hired was made out against appellants. Even though reasonable minds could differ as to this conclusion, a motion for nonsuit is properly denied. *Seitz* v. *Stavitsky,* 113 *N. J. L.* 413.

For appellants it was shown that the particular horse had been hired many times by respondent and that other persons had hired the horse both prior to the date of the accident and shortly thereafter on the day of the accident, and all without untoward event. The witness who hired the animal shortly after the accident testified that he did not observe any cuts or bruises or other unusual condition in the horse. Mr. Spellman testified that he did not state to respondent that the horse had previously fallen and that, as a matter of fact, the horse did not previously fall; that there was no swelling of the neck at the time of this hiring, and that the animal was not heated and perspiring. He denied that respondent had brought these matters to his attention and that he had stated that the horse was all right for the purposes for which it was hired.

Appellants had also shown that respondent herself had previously suffered a foot injury and was not properly equipped with riding boots and other riding paraphernalia, implying thereby that this prior injury to respondent and her lack of proper riding equipment were responsible for or contributed to the happening of the accident.

Thus at the close of the case there appeared a sharp issue of fact as to the fitness and suitability of the animal for the purposes for which it was hired and patently a jury question resulted. *Koehl* v. *Bollinger,* 112 *N. J. L.* 70, 73.

Appellants contend also that the suit of respondent failed because she assumed the risk of the hiring and thus willingly exposed herself to the contingency of the accident. *Gardner* v. *G. Howard Mitchell, Inc.,* 107 *N. J. L.* 311, 315. But this, similarly, in the light of all the testimony was pre-eminently a jury question. It is our conclusion that the denials of motion to nonsuit and motion to direct verdict were proper.

The last point urged is that the court erred in denying motion of appellant corporation for nonsuit upon the evidence given at the trial, it being urged that there was no evidence offered by plaintiff to show that the statements made by Spellman would in any way bind the corporate defendant or that he was an agent of or had such authority that his statements would bind the corporation.

The theory upon which the case below was tried was that of an alleged negligent breach of an implied warranty of the fitness of the horse for the. purpose for which it was hired. It was not a suit upon an express warranty. It was in evidence that Spellman was the manager of the business of the corporation and that it was within the scope of his authority to hire out riding horses owned by the corporation as was done in this case. The corporation is bound by his acts done within his apparent authority. *Louis Schlesinger, Inc.,* v. *Burstein Really Co.,* 123 *N. J. L.* 190, 193.

The brief does not point out the particular statements complained of, nor does an examination of the record disclose any objection, judicial ruling and exception thereto with respect to any such statements, nor was there any request to the court to charge the jury in this respect. In this situation there is nothing for this court to pass upon and, therefore, this point need not be considered. *Jacob Ruppert* v. *Jernsledt & Co.,* 116 *N. J. L.* 214, 216.

The judgment appealed from is affirmed.

*For affirmance*—THE CHIEF JUSTICE, BODINE, DONGES, PORTER, DEAR, WELLS, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 9.

*For reversal*—THE CHANCELLOR, PARKER, CASE, HEHER, PERSKIE, JJ. 5.