GENERAL ACCIDENT, FIRE & LIFE AS-
SURANCE CORPORATION, LIMITED, v.
GOODYEAR TIRE & RUBBER CO.

No. 38.

Circuit Court of Appeals, Second Circuit.

Nov. 13, 1942.

Rehearing Denied Dec. 3, 1942.

Edward M. Fuller, of New York City (Edward M. Fuller and William C. Morris both of New York City, of counsel), for plaintiff-appellant.

Andrews, Baird & Shumate, of New York City (William L. Shumate and Oleg Peter Petroff, of New York City, of counsel), for defendant-appellee.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff, a liability insurance company, brought this action against the defendant Goodyear Tire & Rubber Co., a manufacturer of rims for automobile tires, to recover damages which it had paid to discharge claims brought against its insured, Alexander Dairy Co., Inc., because a rim manufactured by the defendant and installed upon one of the wheels of a truck belonging to the Dairy Company had blown off, resulting in the death of one Shapiro and injury to one Calvano. The administratrix of the estate of Shapiro brought an action against Alexander Dairy Company and Nathan Stern, whom it employed as driver of the truck, alleging that the Dairy Company and its employee negligently operated the truck, failed properly to inspect the wheels and component parts thereof, negligently placed the same under an undue strain and allowed the tire rim to become worn and to fall into a state of disrepair; and that they knew or should have known that the rim lock might blow off the wheel and cause injury to persons lawfully upon the streets of New York, where the truck was operated. Alexander Dairy Company and Nathan Stern answered the complaint and gave notice to Goodyear to come in and defend the action on the ground that the death of Shapiro was caused primarily by reason of the negligence of Goodyear in the manufacture of the rim. Goodyear did not appear at the trial. The case was submitted to the jury under instructions that it might render a verdict against the Dairy Company without rendering one against Stern, because there was evidence that the president of the former had been told by a garage man that "he ought to change the rim; someone is going to get hurt with it," but there was no proof that Stern was present at this conversation. In his charge the trial judge said to the jury: "* * * because someone says to you, 'Look out for that, it is dangerous,' that does not mean that you must abide by or obey that command. That is not what the law requires of anybody. But here is what the law requires: That a person must demean himself at all times with respect to everything he does, as an ordinary cautious and prudent individual would have acted at that time and under those circumstances. Now, keep that in mind: An ordinary careful, prudent man, what would he have done under those circumstances? Well, the plaintiff says that when that notice was conveyed to the president of the company, the ordinary careful and prudent president of a company would have rectified that condition."

It is true that the judge had said in passing that Shapiro's administratrix "must show that defendant knew about that condition." But in view of the emphasis placed upon the sufficiency of notice, rather than knowledge, we do not think the instructions as a whole required more than notice as a ground of liability.

The jury returned a verdict that the Dairy Company was liable to the administratrix of Shapiro in the sum of $40,000, but that Stern was not liable. The plaintiff herein paid the administratrix the amount of the verdict, together with interest and costs, and it paid Calvano $5,000 to settle his claim for injuries which he suffered through the explosion and for the expenses to which he was subjected. Under a claim of subrogation to the rights of the Dairy Company, which it had agreed in its policy to indemnify, the plaintiff has brought this action.

The District Court awarded judgment to the defendant on the ground that the pleadings and affidavits submitted to him showed active negligence in that the Dairy Company continued to operate the truck after it had received actual notice of the condition of the rim. The judge stated in his opinion: "Its liability was not based upon its failure to discover a defective condition which might be attributed to the defendant as manufacturer. We think the record and findings in the Shapiro action conclusively exclude any possibility that such a defect or defective condition was the sole operating cause of the damage for which recovery was had."

The court went on to say that: "Where a person has supplied to another a chattel which, because of the supplier's negligence or other fault, is dangerously defective and the user has been required to respond in damages to a third party injured by such use, the supplier is under a duty to indemnify if the chattel was used in reliance upon the supplier's care, if, as between the two, such reliance was justifiable and, if, by reason of said reliance, damage has been suffered. But the damage suffered here was not due to any such reliance.* * *It is conceded by the plaintiff claimant here that his liability arose by reason of its use of a worn and misshapen rim which continued use, after notice, with its resultant increase of friction within the tire caused the explosion. This is not the passive negligence contemplated by the law as a condition of indemnity. Therefore, the supplier is under no duty to idemnify."

The concession referred to appears in Article Fifteenth of the amended complaint which recited that the president was told by the garage man " 'that he ought to change the rim. Someone is going to get hurt with it,' and thereafter the said Alexander Dairy Co. Inc. permitted the truck to

be used * * * with a load upon it that increased the friction within the tire."

This notice, however, may not have been equivalent to knowledge that the rim was dangerous. The affidavit of Edward M. Fuller, filed in opposition to the motion by the defendant herein for summary judgment, states that after the president had received the foregoing notice, the Dairy Company permitted the truck to be used in the ordinary course of its business with a load upon it that increased the friction within the tire "relying upon the assurances of the tire man and mechanic who mounted the tire."

The process of inspecting a rim must include not only the examination of it, but also the process of drawing correct inferences from the facts shown by the examination, or, as in this case, of choosing among conflicting opinions regarding the significance of such facts. Hence the affidavit raised the issue as to whether the verdict against the Dairy Company rested on anything more than a claim of negligence in failing properly to inspect. It certainly did not rest upon undisputed proof of actual knowledge that the tire was dangerous; it is conclusive only of constructive knowledge based upon actual notice of the dangerous condition of the tire. In other words, the decision in the Shapiro action, and, similarly, the settlement with Calvano did not establish that the negligence of the Dairy Company was more than passive. The court in the Shapiro suit never attempted to determine whether the Dairy Company was but secondarily liable as between it and Goodyear, the manufacturer, and we cannot determine from the record whether the verdict was based on the knowledge of the Dairy Company that it was using a dangerous rim, or upon its negligence in failing properly to inspect. Certainly we cannot say that Goodyear would be primarily liable had the Dairy Company never checked the rim, but will not be so liable if the company did examine but drew an erroneous conclusion from the condition of the rim. In this situation, the New York decisions do not treat the user as in pari delicto with the manufacturer.

In Lord & Taylor v. Yale & Towne Mfg. Co., 230 N.Y. 132, 129 N.E. 346, it appeared that one Fitzsimmons recovered a judgment against Lord & Taylor upon a finding that it had failed properly to inspect a coal conveying apparatus, which collapsed

and injured Fitzsimmons. The Travelers Insurance Company, which had insured Lord & Taylor against liability for accidents, paid the judgment and so became subrogated to the rights of Lord & Taylor. Thereupon an action was brought in the name of the latter against the manufacturer, Yale & Towne Manufacturing Company. It was held that the faulty installation by the maker was not litigated in the first action; that only proof of the negligence of Lord & Taylor in failing properly to inspect was litigated; that the primary wrong, if any, of the manufacturer had not been litigated; and that the maker, Yale & Towne, was neither bound nor exonerated by the judgment against Lord & Taylor, although the employer had given notice to it to come in and defend the employee's action.

It is evident from the issues tried in the Shapiro action and from the decision in the Lord & Taylor case, which we have referred to, that the plaintiff as subrogee of the Dairy Company, in order to recover, must establish that the Dairy Company was not in pari delicto with Goodyear and that the Dairy Company, though using the rim without proper inspection, did not use it with actual knowledge of its dangerous character. It must show that the defendant Goodyear put upon the market an instrumentality so constructed as to be dangerous upon ordinary use and that the accident resulted from this construction, and that the Dairy Company, being without actual knowledge of the danger, did not acquiesce and intentionally join in endangering the public, but rather relied on the good repute of the supplier. See Wanamaker, New York, v. Otis Elevator Co., 228 N.Y. 192, 126 N.E. 718; Scott v. Curtis, 195 N.Y. 424, 88 N.E. 794, 40 L.R.A., N.S., 1147, 133 Am. St.Rep. 811; Restatement, Restitution (1937) §§ 93(1), 95.

While Goodyear did not sell the rim to the Dairy Company, it manufactured it, sold it to the Mack-International Motor Truck Company which mounted it on the truck and so in turn sold it to the plaintiff's subrogor. Any liability of the defendant must rest upon the principles expounded in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, Ann. Cas.1916C, 440, and Smith v. Peerless Glass Co., 259 N.Y. 292, 181 N.E. 576, which in our opinion would apply, irrespective of privity of contract, to the negligent manufacturer of an instrumentality likely to endanger the public.

As we have indicated, the principal questions which will have to be determined are: (1) Did Goodyear negligently manufacture a dangerous rim, and (2) Did the Dairy Company rely upon the repute of the manufacturer and commit no acts of negligence other than failure to inspect or, after the warning, to realize the danger? These questions were not decided in the previous action and they involve disputed questions of fact which in our opinion should be heard on the evidence and not determined on a motion for summary judgment.

Accordingly, the judgment is reversed.

On Petition for Rehearing.
PER CURIAM.

A petition is filed for a rehearing on the ground that the jury's verdict in the Shapiro action established that the dangerous condition which caused the damage was brought about purely through the acts of the Alexander Dairy Company in overloading the truck. This is not so. The complaint in the state court action against Alexander Dairy Company not only alleged overloading, but also failure properly to inspect. Both issues were submitted to the jury, whose verdict must have been rendered upon the theory that there was negligence in the inspection; otherwise a verdict in favor of the driver could not have been rendered under the judge's instructions, for he was certainly responsible if he drove an overloaded truck. It will be noticed that the judge remarked in his charge that: "The plaintiff says that when that notice was conveyed to the president of the company, the ordinary careful and prudent president of the company would have rectified that condition." He also carefully charged that the jury might find Alexander Dairy Company guilty of negligence and yet discharge the driver from liability, because this notice was given to the company, but not to the driver. The point referred to in the petition for rehearing was not overlooked and we hold that a rehearing should be denied.

Petition denied.