14 N.J. Super. 575 (1951)
82 A.2d 633
FRANKLIN SOLE, BY HIS GUARDIAN AD LITEM, VINCENT SOLE, VINCENT SOLE, INDIVIDUALLY, AND EDNA SOLE, PLAINTIFFS-APPELLANTS,
v.
CLIFTON COLONIAL GARDENS, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 16, 1951.
Decided August 1, 1951.
*576 Before Judges EASTWOOD, LLOYD and STANTON.
Mr. Hyman W. Rosenthal argued the cause for plaintiffs-appellants (Messrs. Marcus & Levy, attorneys. Mr. Harry Chashin and Mr. Max D. Forrest on the brief).
Mr. Gerald T. Foley argued the cause for the defendant-respondent.
The opinion of the court was delivered by STANTON, J.S.C.
This is an appeal from a judgment of the Essex County Court dismissing the complaint in a negligence action upon the plaintiffs' opening.
Following the motion to dismiss, there was colloquy between the court and counsel and there were certain photographs marked as exhibits for plaintiffs and by stipulation these were all made part of the opening.
It appears from the plaintiffs' opening as broadened by the stipulation that the defendant was the owner of ten apartment buildings containing 152 apartments, which constituted a garden apartment development. As a part of it, there were *577 two playgrounds intended for the use of the children of the tenants. The parents of the infant plaintiff were tenants in the premises, and on September 13, 1946, the infant plaintiff, who was then six years of age, was injured in one of the playground areas. The playground in question was about 30 by 45 feet in area. It was enclosed by a low picket fence which had openings on two sides for ingress and egress. There were no gates at these openings. Adjoining the playground on one side was a clothes drying area. There was a common fence between the two areas and there was an opening in it. The posts at either end of this fence extended several feet above the pickets and served also as part of the framework to which the clothes lines were fastened. The playground area was equipped with a sand box, a slide and a swing. The infant plaintiff was injured while climbing the common fence between the playground and the clothes drying area and while reaching for a clothes line. Other children playing there had climbed the same fence and had reached for and swung on the clothes lines. The infant plaintiff in attempting to do so fell into the clothes drying area and suffered personal injuries.
The defendant conceded that the infant plaintiff was an invitee and that it owed him the duty of reasonable care in the maintenance of the area, the equipment in it and the fence enclosing it.
Plaintiffs contended that the defendant was guilty of negligence in the construction and maintenance of the particular type of fence as part of the playground enclosure.
In Kelly v. Bergen County Gas Co., 74 N.J.L. 604 (E. & A. 1907) there was a reversal of the judgment of nonsuit granted by the trial court. There Chancellor Magie stated:
"A motion for a nonsuit upon the opening of counsel is not frequently resorted to. In dealing with it, it is obvious that the rule which is applied to a motion for a nonsuit at the close of plaintiff's evidence is the one which should be applied. In both cases, the question presented is whether the facts stated or proved, and reasonable inferences which may be drawn therefrom, disclose that the plaintiff is not entitled to submit his case to the jury, because a verdict in his favor could not be maintained. In practice, a motion *578 for a nonsuit, made upon the opening of counsel, is, perhaps, more liberally treated than an application for a nonsuit at the close of the plaintiff's case. In the former case, if objection be made to a statement too meager to sustain the plaintiff's case, counsel will, doubtless, be permitted to enlarge his statement. But in the haste required by the pressure of business at the present day, counsel, in general, restrict themselves to a mere outline of the case they design to present."
And in Ross v. Orr, 3 N.J. 277, at 284 (1949), it was said:
"Summary disposition on counsel's opening should not be employed unless the facts are undisputed and the law involved is clear." (Citing Alexander v. Manza, 132 N.J.L. 374 (E. & A. 1945).
The defendant relies on Saunders v. Eastern Hydraulic Brick Co., 63 N.J.L. 554 (E. & A. 1899); Gavin v. O'Connor, 99 N.J.L. 162 (E. & A. 1923); Egan v. Krueger, 103 N.J.L. 474 (E. & A. 1927); and Heuser v. Reilly, 128 N.J.L. 533 (Sup. Ct. 1942), but a distinguishing feature between those cases and the one sub judice is that the latter involves a playground which was equipped with climbing apparatus and to which small children were invited to play.
In Terranella v. Union Building and Construction Co., 3 N.J. 443 (1950), an action was brought by an administrator ad prosequendum for damages for the death of an 11-year-old boy caused while he was playing with heavy concrete pipes placed on a public playground by a construction company which had been employed by the municipality to install a storm sewer across the playground. The trial court entered judgment on a directed verdict in favor of the defendants and there was a reversal as to the construction company. Mr. Justice Wachenfeld, at page 448, stated:
"True, the pipes stored in the playground were not intended to be part of the facilities provided for play, but this does not, in the exercise of reasonable care, impose upon the immature children who are the ordinary users of the playground the duty of discriminating between the equipment which is intended for their use and enjoyment and that which, in an area devoted to their pleasure, is placed within their easy reach and access but is intended for other purposes. No sign, guard or warning was given or provided to assist them in *579 differentiating between what was installed for their play and amusement and what was to be avoided under penalty of such dire consequences as here resulted."
If proofs were submitted which supported the contention of plaintiffs that defendant was negligent in the construction and maintenance of the type of fence erected between the playground and the clothes drying areas, a case for the jury would have been presented. Terranella v. Union Building and Construction Co., supra. Under the circumstances, the plaintiffs should have been permitted to go forward with their proofs.
The judgment under appeal is reversed.