26 N.J. Super. 295 (1953)
97 A.2d 699
JAMES V. OKKER, AN INFANT BY HIS GUARDIAN AD LITEM, JAMES OKKER, AND JAMES OKKER, PLAINTIFFS-APPELLANTS,
v.
CHROME FURNITURE MANUFACTURING CORP., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1953.
Decided June 17, 1953.
*297 Before Judges STEIN, PROCTOR and CONLON.
Mr. Paul Rittenberg argued the cause for plaintiffs-appellants (Mr. Joseph V. Fumagalli, attorney; Mr. Howard Stern, on the brief).
Mr. Samuel Doan argued the cause for defendant-respondent (Mr. Charles C. Stalter, attorney).
The opinion of the court was delivered by PROCTOR, J.A.D. (temporarily assigned).
The infant plaintiff brought this action to recover damages for personal *298 injuries. His father joined in the action for his consequential damages.
A motion to dismiss, made by the defendant at the end of plaintiffs' opening, was granted and the plaintiffs appeal from the judgment entered thereon.
Counsel for plaintiffs in his opening stated that on September 14, 1951 James Okker, accompanied by his 13-month-old son, entered a neighborhood tavern for the purpose of making a purchase of a bottle of beer. At the bar there was a line of six stools provided for the accommodation of patrons. These were high stools on four legs having a cylinder in the middle of each stool, and a seat welded to a pin fitted into the cylinder, allowing the seat to freely revolve. While Okker, with the child in his arms, sat on one of these stools awaiting the delivery of his purchase, the seat became dislodged from the pin and he and the child fell to the floor, causing injury to the infant plaintiff. It was further stated that the tavern owner had purchased the stools in 1948 from the defendant-manufacturer; that at various times during the period the stools were in use every one of them broke at the same point; that this dislodgment was due to improper and defective welding of the pin to the seat; further, that upon the return of the stools to the defendant the tavern owner was informed that they had been "improperly welded"; further, "we have obtained evidence that there was a batch, about a dozen of these stools, all improperly welded so that they had trouble with the seat becoming dislodged from the pin."
Summary disposition on counsel's opening should not be employed unless the facts stated are clearly insufficient in law to prove a cause of action. See Ross v. Orr, 3 N.J. 277 (1949); Reti v. Vaniska Inc., 8 N.J. Super. 275 (App. Div. 1950); Sole v. Clifton Colonial Gardens, Inc., 14 N.J. Super. 575 (App. Div. 1951). Plaintiffs base their cause of action upon the alleged negligence of the defendant in the manufacturing of the stool which it had sold to the proprietor of the tavern and which, because of its negligent construction, caused the infant plaintiff's injuries. The trial court's *299 reason for the dismissal was that the stool had been out of the control of the defendant for approximately three years before the mishap.
The applicable rule is that set forth in Heckel v. Ford Motor Co., 101 N.J.L. 385 (E. & A. 1925):
"The manufacturer of an article, not inherently dangerous, but which may become dangerous when put to the use for which it is intended, owes to the public the duty of employing care, skill, and diligence in its manufacture and of using reasonable diligence to see to it that it is reasonably fit for the purpose for which it was intended."
This rule was applied in Clark v. Standard Sanitary Manufacturing Co., 8 N.J. Misc. 284 (Sup. Ct. 1930), where the manufacturer of a porcelain handle for a bathroom faucet was held liable for negligence to a tenant injured when the handle broke in her hand. The principle has likewise been held applicable to a person injured by reason of defectively constructed chairs. Sheward v. Virtue, 20 Cal.2d 410, 126 P.2d 345 (Cal. Sup. Ct. 1942); S. Blickman, Inc. v. Chilton, 114 S.W.2d 646 (Tex. Ct. Civ. App. 1938). Cf. O'Donnell v. Asplundh Tree Expert Co., 25 N.J. Super. 335 (App. Div. 1953).
No inference of negligence could properly be drawn simply because the accident occurred, especially since the stool had not been in possession and control of the defendant for approximately three years. The lapse of time between the manufacture and delivery of the stool and the mishap, and the use to which the stool had been subjected during that interval, are important factors to be considered on the questions of negligence and proximate cause. Plaintiffs' opening in substance stated that the method of construction made the stool liable to collapse at any time and that it did in fact collapse because of its defective condition, and that the danger was a proximate cause of the collapse. Plaintiffs should have been permitted to present their proofs that the stool was negligently manufactured and that such negligence was the proximate cause of the injuries complained of. Reed *300 & Barton Corporation v. Maas, 73 F.2d 359 (Cir. Ct. App. 1 Cir., 1934).
The case of Miller v. Davis and Averill Inc., 137 N.J.L. 671 (E. & A. 1948), on which the defendant relies, involved a contract for service in repairing a crane which later broke and injured the plaintiff. This case came within the rule that a person not a party to a contract nor in privity thereto cannot sue in respect to a breach of a duty arising out of the contract. See Bacak v. Hogya, 4 N.J. 417, at 422 (1950). This rule does not apply to a manufacturer who, as stated in the Heckel case, supra, owes a duty to the public. Further, in the Miller case, supra, the court found that the evidence did "not produce the basis for the conclusion for a causal connection between the alleged negligence of the contractor and the accident two years later. The conclusion would be essentially speculative and there is evidence that wear and tear would produce the condition found particularly as regards the stresses created by the speed of the instrument."
The defendant further argues that the infant plaintiff was a mere licensee and had no right to the use of the stool. In support of this contention it cites Fleckenstein v. Great Atlantic & Pacific Tea Co., 91 N.J.L. 145 (E. & A. 1917). In that case it was held the one who merely accompanies a patron on the latter's business into a store is a licensee to whom the store owner owes only the duty to abstain from acts willfully injurious. However, as stated above, the Heckel case, supra, holds that the manufacturer's duty is to the public. In the American Law Institute Restatement, Torts, § 395, it is said that the duty of the manufacturer is owed to "those who lawfully use it for a purpose for which it is manufactured and to those whom the supplier should expect to be in the vicinity of its probable use."
Reversed and remanded, costs to abide the event.