35 N.J. Super. 470 (1955)
114 A.2d 469
JOSEPHINE LIBERATORI, ET ALS., PLAINTIFFS-RESPONDENTS, AND CROSS-APPELLANTS,
v.
YELLOW CAB COMPANY OF PHILADELPHIA, A CORPORATION, AND CHARLES KELLEY, DEFENDANTS-APPELLANTS, AND WILLIAM LIBERATORI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 9, 1955.
Decided May 24, 1955.
*472 Before Judges GOLDMANN, FREUND and CONFORD.
Mr. Meyer L. Sakin argued the cause for the defendants-appellants, Yellow Cab Company of Philadelphia and Charles Kelley.
Mr. Carl Kisselman argued the cause for the plaintiffs-respondents and cross-appellants (Mr. Joseph Asbell, attorney).
Mr. H. Hurlburt Tomlin argued the cause for the defendant-respondent William Liberatori (Messrs. Orlando, Devine & Tomlin, attorneys).
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiffs, Josephine Liberatori, her daughter Stella Matthews and her son James Liberatori, were all passengers in an automobile operated by another son, William Liberatori, one of the defendants. On a clear night they were travelling along the White Horse Pike from their home in Philadelphia to Sicklerville, New Jersey. As they reached Lawnside, New Jersey, William realized that they had forgotten his mother's medicine, and he decided to return to Philadelphia for it. Thereupon, he made a left-hand turn off the highway into the open driveway of a cemetery. According to the brothers' testimony, William then backed his car out of the driveway at a right angle. Both *473 testified that as the car reached the road edge, the visibility was good and they made an observation of the road. James testified that it was clear for about 200 yards. William testified that when the car had been backed to where the right rear wheel was slightly on the shoulder and the left rear wheel was on the highway edge, he saw a pair of headlights approaching, and he stopped to allow the vehicle to pass. About five to seven seconds later, his car was hit in the right rear by a taxicab owned by the defendant, Yellow Cab Company, and operated by its employee, Charles Kelley.
Kelley testified that after having delivered a passenger he was driving north along the White Horse Pike at about 35 miles per hour; for some distance he had been following a car about 75 feet ahead of him; as he approached the cemetery "it wasn't too well lit," and there were no lights or markers indicating a driveway leading onto the highway. Further, that when he was about 20 feet from the driveway he noticed a shadow which he was unable to identify, and before he could apply his brakes, he felt an impact on the right side of the taxi.
A resident of a house directly across the highway from the driveway testified that the rear lights of the defendant Liberatori's car were not lighted as he backed out of the driveway. Another resident of the area testified that after the accident William said that he had looked and had not seen any car, and "didn't know where the hell it came from."
The passengers in the Liberatori car instituted this action against William Liberatori, the Yellow Cab Company, and its driver, Charles Kelley. The Cab Company cross-claimed against William Liberatori for damages to its cab. William Liberatori cross-claimed against the defendants, Yellow Cab Company, and Charles Kelley for property damage and personal injuries. The jury returned a verdict against the Cab Company and Charles Kelley in favor of the plaintiffs  Josephine for $10,510.50, James for $745 and Stella for $5,213.25. A verdict of no cause of action in favor of the defendant William and against the plaintiffs was returned, as well as a verdict of $744.25 in his favor on his cross-claim *474 against the defendants Yellow Cab Company and Charles Kelley.
The defendants Yellow Cab Company and Kelley moved for a new trial, which was denied. The Cab Company and Kelley appeal from the judgments against them, and the plaintiffs appeal from the dismissal of their claim against William Liberatori.
Appeal is on a number of grounds; they will be disposed of as argued in the appellants' brief.
The defendants contend that the trial court erred in refusing to grant its motion to dismiss at the completion of the plaintiffs' opening statement to the jury, on the ground that it was devoid of any factual outline of how, when or where the accident occurred. Alexander v. Manza, 132 N.J.L. 374 (E. & A. 1945). The plaintiffs admit that their opening statement might have been more artfully constructed.
The law is settled that a summary disposition on the plaintiffs' opening should not be employed unless the facts are undisputed and the law involved is not in doubt. Ross v. Orr, 3 N.J. 277 (1949); Sole v. Clifton Colonial Gardens, Inc., 14 N.J. Super. 575 (App. Div. 1951); Okker v. Chrome Furniture Mfg. Corp., 26 N.J. Super. 295 (App. Div. 1953). Assuming, but not conceding, that the court did err in denying the defendants' motion for non-suit, this alleged error was cured by evidence subsequently adduced at the trial which raised sufficient factual issues to be submitted to the jury. It has been held:
"As to a refusal to nonsuit on the opening, we do not wish to be understood as subscribing to the proposition that, if the opening fails to state facts constituting the cause of action set up in the complaint, the court is irretrievably in error for refusing to nonsuit. The rule is settled, in cases where nonsuit was wrongly denied on the plaintiff resting his case, that, if facts supporting the cause of action are elicited thereafter, the error is cured. By analogy, it would seem that a similar rule should apply in cases of a deficient opening and refusal to nonsuit on that opening." Glass v. American Stores Co., Inc., 110 N.J.L. 152 (E. & A. 1933).
See also Hahn v. Rockingham Riding Stables, 126 N.J.L. 324 (E. & A. 1941).
*475 The defendants argue that the court's charge was erroneous and prejudicial in that while it charged the language of N.J.S.A. 39:4-126 and N.J.S.A. 39:4-66.1, it failed to adequately charge the legal obligation owed by the defendant Liberatori to other cars on the highway as he backed out of the driveway, and that it should have charged that Liberatori was required to use "great care" or "a high degree of care," or "a degree of care commensurate with the risk of danger."
Our courts have required a driver to use a "high degree of care" only when making a left turn at an intersection in the face of oncoming traffic. The "high degree of care" rule is regarded as an exception to the general rule of the duty of reasonable care required of the driver of an automobile. Senofsky v. Frecker, 10 N.J. Misc. 505 (Sup. Ct. 1932); Anderson v. Cassidy, 119 N.J.L. 331 (Sup. Ct. 1938); Motorlease Corp. v. Mulroony, 13 N.J. Super. 556 (App. Div. 1951), affirmed 9 N.J. 82 (1952).
The record before us indicates that the defendants' exception to the court's charge did not include an objection to the court's failure to charge a "high degree of care." Even if the exception had been so particularized, it would be without merit, for a charge of a "high degree of care" is not required on the facts of the instant case.
The court's charge on the question of duty as it relates to the facts and issues raised by the pleadings and testimony was proper. The charge instructed the jury as to a driver's obligation under the traffic law; as requested to be charged by the defendants it in substance contained the language of the applicable statute, that a driver of a vehicle entering a highway from a private road or driveway must yield the right of way to all approaching vehicles and that no person shall back up a vehicle unless such movement can be made in safety. The jury was correctly informed that it was for them to determine as a fact whether the driver had committed any act prohibited by the statute. This part of the charge was a clear and proper recital of the necessary rules of law and devoid of reversible error.
The defendants contend that the trial court's charge was *476 erroneous in disallowing as to negligence the jury's use of evidence of William Liberatori's plea of guilty to a careless driving charge at a magistrate's hearing. The court charged as follows:
"* * * the question of negligence or non-negligence of William Liberatori is not dependent on whether or not he pleaded guilty to a motor vehicle charge, but rather the entire testimony was permitted * * * to permit you to decide the credibility * * * of not only William Liberatori, but other witnesses who testified in this respect. So that, on the question of negligence, you will not permit the testimony with reference to the Magistrate's hearing to influence you other than to help you decide upon the veracity of the witnesses who testified thereto."
William Liberatori testified that he had pleaded not guilty to the charge of careless driving. This was contradicted by the testimony of Charles Kelley and of Police Sergeant Gibson and Police Chief Brewster, of Lawnside. When Chief Brewster was called the plaintiffs objected to his being allowed to testify on the question of the plea. Upon inquiry by the court, counsel for the Yellow Cab Company indicated that the testimony was being elicited for the dual purpose of attacking credibility and as an "admission against interest." The court then permitted the testimony that William Liberatori had pleaded guilty to a charge of careless driving arising out of the accident between his vehicle and the taxicab, but only as bearing upon credibility. Sergeant Gibson, the police officer who was present at the scene of the accident and who made out the summons for Liberatori, testified that the specific charge of careless driving to which Liberatori pleaded guilty was "backing onto the highway."
The plaintiffs rely upon Sothern v. Vandyke, 114 N.J.L. 1 (E. & A. 1934), in support of their argument that the court's charge was proper. That case is distinguishable from the instant action. There it was held that evidence as to a plea of guilty to reckless driving was inadmissible in a suit brought under the Connecticut "guest statute" for damages against a car's driver. That statute places liability on a driver to his passengers only where the accident has been intentional or caused by his "heedlessness or reckless disregard *477 of the rights of others." The former Court of Errors and Appeals pointed out that the Connecticut statute covered many kinds of carelessness and that the record of the Connecticut municipal court did not indicate what particular kind of carelessness was charged. Hence, the court held that there was no showing that the plea of guilty necessarily related to the character of conduct which would be required to establish negligence sufficient to impose liability upon a driver to his guests under the Connecticut law, and that evidence as to a plea of guilty was accordingly inadmissible. Here, the charged negligence consisted of the identical act charged as careless driving in the magistrate's court as to which the defendant pleaded guilty, i.e., carelessness in backing out of the driveway onto the highway.
The admissibility in civil suits of criminal pleas is not new to our courts. In Mead v. Wiley Methodist Episcopal Church, 23 N.J. Super. 342 (App. Div. 1952), it was held that:
"* * * a plea of guilty to a criminal charge based upon the same material facts is admissible in the trial of a civil case against the party so pleading."
To the same effect see Wright v. Wright, 98 N.J. Eq. 528 (Ch. 1925); Ruh v. Hyle, 5 N.J. Misc. 680 (Sup. Ct. 1927); Dobrowolski v. Glowacki, 136 N.J.L. 167 (E. & A. 1947); Stein v. Schmitz, 137 N.J.L. 725 (E. & A. 1948). Therefore, the charge limiting the admissibility of evidence of the plea of guilty solely to test veracity was error.
The defendants argue that the court's refusal to charge its request No. 5 was error. The request was as follows:
"The driver of the taxicab, Charles Kelley, while operating his vehicle north on the White Horse Pike, could not be expected to anticipate that a vehicle would come backing out of a cemetery driveway on to the Pike, where such vehicle failed to have its rear lights lit."
In Van Rensselaer v. Viorst, 136 N.J.L. 628 (Sup. Ct. 1948), the refusal to charge substantially the same point was held not to be reversible error. It is sufficient that the trial *478 court charge the applicable rules of law correctly and clearly; it is not required that the exact language of a request be used. Ristan v. Frantzen, 26 N.J. Super. 225 (App. Div. 1953).
The defendants next argue that the trial court erred in limiting the scope of their cross-examination, first, as to whether or not the plaintiffs in William Liberatori's car were invitees, and, second, as to the kind of medicine for which William Liberatori was returning to Philadelphia. Where failure to permit cross-examination seriously affects the substantial rights of a party to a suit, the judgment may be reversed and a new trial granted. Cherr v. Rubenstein, 22 N.J. Super. 212 (App. Div. 1952). But here the court's limitation of the defendants' scope of cross examination was proper and did not adversely affect any of their substantial rights. As to the status of the plaintiffs, the duty of care owed to them by the Yellow Cab Company and by Kelley bore no relationship to their status in the Liberatori car. Secondly, the question of the kind of medicine which Liberatori was turning back to get for his mother had no relevancy to the issues before the court and was properly excluded. Chiesa v. Public Service Coordinated Transport, 128 N.J.L. 69 (E. & A. 1942); Fielder v. Friedman, 124 N.J.L. 514 (E. & A. 1940).
The defendants, Yellow Cab Company and Kelley, contend that the awards to plaintiff, Josephine Liberatori, of $10,510.50 and to Stella Matthews of $5,213.25 were excessive. The testimony disclosed that Josephine's out-of-pocket expenses approximated $500, so that apparently $10,000 was awarded for pain, suffering and injuries she sustained. Stella's out-of-pocket expenses were $213.25, so that the sum of $5,000 must represent the pain, suffering and injuries she sustained. The medical testimony adduced evidenced no permanent injuries or disability, in which light we agree the awards were excessive. See Annotation, "Excessive Damages  Personal Injury," 102 A.L.R. 1125 and 16 A.L.R.2d 3.
The judgment is reversed and the cause remanded for a new trial on all issues.