**Edward H. BLOCK, Plaintiff,**

v.

**Theodore T. URBAN, doing business as Par-X Bow Company, and Anotreat, Inc., a Michigan corporation, jointly and severally, Defendants.**

**Civ. A. No. 13585.**

United States District Court
E. D. Michigan, S. D.
Sept. 24, 1958.

James A. Markle, Detroit, Mich., for plaintiff.

Leroy Vandeveer, Vandeveer, Haggerty, Garzia & Haggerty, Detroit, Mich., for Theodore T. Urban, defendant.

Maxwell F. Badgley, McKone, Badgley, Domke & Kline, Jackson, Mich., for Anotreat, Inc., defendant.

LEVIN, District Judge.

The motion for summary judgment of defendant, Anotreat, Inc., raises the question as to whether one who merely anodizes an aluminum hunting bow for the manufacturer may be liable to a remote vendee if it performs that operation negligently.

The Par-X Bow Company, also a defendant, manufactures aluminum hunting bows. During the course of manufacture the bows are sent by the Par-X Bow Company to the defendant, Anotreat, Inc., for anodizing. Anodizing is a process wherein the aluminum alloy, in this case the hunting bow, is immersed in a chemical solution to produce a thin invisible coating of aluminum oxide. This coating provides resistance to abrasion, protection against weather and chemical attack and serves as a desirable base for paint.

In 1952 plaintiff purchased a hunting bow manufactured by the Par-X Bow Company from a retail dealer in Point Pleasant, New Jersey. The bow was defective and was either repaired or replaced by the manufacturer. On February 7, 1954, the plaintiff was discharging an arrow with the bow when it broke and caused the loss of plaintiff's left eye.

Plaintiff, in part, contends that the bow broke because of the negligence of the defendant, Anotreat, Inc., in that it used "an improper chemical solution in said anodizing process [and failed] to maintain proper conditions during the anodizing process." It is also alleged that said defendant knew, or should have known, the intended use to which the bow would be put and that it knew, or in the exercise of reasonable care should have known, that the failure to use proper chemicals and maintain proper conditions during the anodizing process would affect the tensile strength of the bow, cause it to become brittle and that it would be likely to break when used for its intended purpose.

At the outset of this motion, defendant, Anotreat, Inc., had contended that inasmuch as it had no contractual relationship with plaintiff, it was not subject to liability under the law of New Jersey which governs the determination of this issue. This defendant, while now conceding that New Jersey follows the rule adopted in MacPherson v. Buick Motor Co., 217 N.Y. 382, 111 N.E. 1050, L.R.A.1916F, 696, that irrespective of contract a manufacturer is liable for the consequences of his negligence, Heckel v. Ford Motor Co., 101 N.J.L. 385, 128 A. 242, 39 A.L.R. 989; Okker v. Chrome Furniture Mfg. Co., 26 N.J.Super. 295, 97 A.2d 699, contends that this rule should not be enlarged to embrace a person who merely processes goods for others.

While in the MacPherson case Justice Cardozo left for future consideration the question as to whether persons other than the manufacturer of the finished entity should be subject to liability, subsequent decisions have imposed liability upon component part manufacturers as well as the manufacturer of the finished entity. Smith v. Peerless Glass Co., 259 N.Y. 292, 181 N.E. 576; General Accident, etc. v. Goodyear Tire & Rubber Co., 2 Cir., 132 F.2d 122; Spencer v. Madsen, 10 Cir., 142 F.2d 820.

On principle the result should be the same whether the defendant is the manufacturer of the finished entity, of a component part thereof, or, as in this case, a processor. It is not the denomina-

tion of the person performing the operation, that is, whether he is a manufacturer or processor, but the probability of harm resulting from negligent manufacturing or processing that gives rise to plaintiff's cause of action.

 If the defendant, Anotreat, Inc., knew or should have known the use to which the bow was to be put, and knew or should have known that it was improperly anodizing the bow for that purpose, then it is subject to liability if such improper anodizing was a proximate cause of plaintiff's injury.

The motion for summary judgment is denied.